UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PETER A. PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>S. CAMPBELL, et al.,<br><br>Defendants. | Case No. 26-cv-11242<br><br>Honorable Robert J. White |

**OPINION AND ORDER DISMISSING THE COMPLAINT**

Peter A. Perez is currently incarcerated with the Michigan Department of Corrections at the Thumb Correctional Facility in Lapeer, Michigan. He commenced this 42 U.S.C. § 1983 action against the warden and two other prison officials at the facility where MDOC housed him previously. Chief Magistrate Judge David R. Grand previously granted his *pro se* application to proceed *in forma pauperis*. (ECF No. 6). For the following reasons, the Court will dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

(i) is frivolous or malicious;

> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Perez's claims fail as a matter of law. Insofar he alleges that prison officials ran afoul of MDOC Policy Directive 04.02.120, the violation of an administrative rule or policy does not itself rise to the level of a constitutional violation that is redressable through section 1983. *See, e.g., Ford v. Brown*, No. 24-1378, 2025 U.S. App. LEXIS 285, at *5-6 (6th Cir. Jan. 6, 2025) (holding that the "failure to comply with a prison policy does not rise to the level of a constitutional violation.") (quotation omitted); *Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) ("Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest.").

Perez's equal protection claim also cannot proceed further because he does not allege that prison officials discriminated against him based upon his membership in a protected class. *See Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 458 (6th Cir. 2011). Nor does Perez sufficiently assert that prison officials burdened a fundamental right or intentionally treated him differently than other similarly situated inmates "without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty.*, 430 F.3d 783, 788 (6th Cir. 2005).

Perez, likewise, does not have a "constitutional right to free postage for nonlegal mail" to "communicate with his friends and family." *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003); *see also Gibson v. Ludwig*, No. 23-3384, 2024 U.S. App. LEXIS 5915, at *2 (6th Cir. Mar. 12, 2024).

And lastly, Perez's inability to purchase the body soap or toothbrush of his preference does not violate the Eighth Amendment's prohibition against cruel and unusual punishment.[1] *See* U.S. Const. amend. VII. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d

[1] Perez claims that prison officials denied him an Eighth Amendment right to purchase batteries for his electric razor and trimmer. (ECF No. 1, PageID.8). But he points to no legal authority sustaining this premise. And the Court's independent research yielded no source for this purported right.

950, 954 (6th Cir. 1987) (per curiam); *see also Pryor v. Chambers-Smith*, No. 24-3301, 2025 U.S. App. LEXIS 7792, at *11 (6th Cir. Apr. 2, 2025).

MDOC provides standard body soap and toothbrushes to its inmates. MDOC Policy Directive 03.03.130(C) (eff. Apr. 1, 2022). Perez's intermittent inability to purchase the ones he believes would most appropriately suit his hygienic needs does not implicate the Eighth Amendment. *See Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (finding no Eighth Amendment violation where an inmate failed to allege that "he has been completely denied hygiene products."); *Brown v. Brown*, 46 F. App'x 324, 325-26 (6th Cir. 2002) (holding that an inmate did not suffer an Eighth Amendment violation where "he was unable to purchase personal hygiene and toiletry items for several months because of the hold on his [prison] account."); *cf. Flanory v. Bonn*, 604 F.3d 249, (6th Cir. 2010) (finding a plausible Eighth Amendment claim where an inmate "alleged that he was completely denied certain hygiene items and that he specifically was without toothpaste for a period of 337 days."). Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Perez may file an appeal *in forma pauperis* because it could be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: October 8, 2026

s/ Robert J. White
Robert J. White
United States District Judge